IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>DRAKE UNIVERSITY, DRAKE UNIVERSITY BOARD OF TRUSTEES, EARL MARTIN, KATHRYN OVERBERG, JERRY PARKER, SENTAWLI BAKARI, MARY HOWELL SIRNA, TRICIA MCKINNEY, and JERRY FOXHOVEN,<br><br>    Defendants. | No. 4:16-cv-00623-RGE-SBJ<br><br>ORDER RE: PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM |

## I. INTRODUCTION

A male student brings this suit against a private university and university employees based on the university's internal sexual assault investigation of the student. The student seeks to proceed under a pseudonym. The university and the individual defendants resist the motion. The student is the son of a former university Board of Trustee member who is suing the university in a separate case. The father has publically discussed his case and his son's case. The father has not used a pseudonym.

On May 17, 2017, the matter came before the Court for hearing. Hr'g Pl.'s Mot. Proceed Under Pseudonym & Defs.' Mot. Dismiss Mins., ECF No. 36. Attorneys Philip Byler and David Goldman appeared on behalf of Plaintiff. *Id.* Plaintiff argued in support of his motion. *Id.*; Pl.'s Mot. Proceed Under Pseudonym & Protective Order, ECF No. 2; Pl.'s Reply Br. Supp. Pl.'s Mot. Proceed Under Pseudonym & Protective Order, ECF No. 27. Attorneys Frances Haas and Mary Funk appeared on behalf of Defendants Drake University, Drake University Board of Trustees, Earl Martin, Kathryn Overberg, Jerry Parker, Sentwali Bakari, Mary Howell Sirna, Tricia McKinney, and Jerry Foxhoven (collectively "Defendants") and argued in resistance to Plaintiff's

1

motion. ECF No. 36; Defs.' Resist. Pl.'s Mot. Proceed Under Pseudonym & Protective Order, ECF No. 25.

For the reasons set forth below, the Court denies Plaintiff's Motion for Leave to Proceed Under Pseudonym and for a Protective Order.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff's allegations are set forth in his complaint, filed in December 2016. Compl. ¶¶ 75–97, ECF No. 1 ("Doe Complaint") (describing the alleged incident between Plaintiff and the Title IX complainant in October 2015); *id.* ¶¶ 98–168 (setting forth the factual allegations as to the university's investigation and hearing procedures). In general, Plaintiff challenges Defendants' Title IX investigation concluding Plaintiff sexually assaulted a female student resulting in his expulsion. Plaintiff alleges Defendants: 1) violated Title IX, *id.* ¶¶ 169–88; 2) violated the due process clause of the Fourteenth Amendment, *id.* ¶¶ 189–202; 3) breached a contract between Defendants and Plaintiff in their investigation of the incident, *id.* ¶¶ 203–19; 4) breached the covenant of good faith and fair dealing, *id.* ¶¶ 220–24; 5) are liable for damages under a theory of negligent infliction of emotional distress, *id.* ¶¶ 225–34; 6) discriminated against Plaintiff based on disability under Title II of the Americans with Disabilities Act, *id.* ¶¶ 235–40; and 7) are liable for damages under theories of estoppel and reliance, *id.* ¶¶ 241–47. The Doe Complaint identifies Plaintiff's father as a Drake alumnus and former Board of Trustee member and details his father's involvement in the Title IX investigation. *Id.* ¶¶ 55, 98, 133–35, 139, 153, 159.

In February 2017, Tom Rossley, a former Drake Board of Trustee member, brought a suit against Drake University and the Board of Trustees. Compl., No. 4:17-cv-058 (S.D. Iowa Feb. 17, 2017), ECF No. 1 ("Rossley Complaint"). The same law firms represent Rossley and Plaintiff and at least three attorneys have appeared on behalf of both. The Rossley Complaint repeatedly

references Rossley's son, including his son's involvement in a Title IX investigation. *Id.* ¶¶ 17–22, 49–64, 81–82 (captioning multiple sections with "Plaintiff's disabled son . . . "). The Rossley Complaint goes on to describe the ways in which Rossley "raised his concern over how Defendants conducted the Title IX Investigation and Title IX Hearing." *Id.* ¶ 83; *see id.* ¶¶ 83–91. Rossley alleges several counts: 1) violation of Title IX, *id.* ¶¶ 130–41; 2) breach of fiduciary duties, *id.* ¶¶ 142–47; 3) breach of contract, *id.* ¶¶ 148–51; and 4) retaliation in violation of the First Amendment, *id.* ¶¶ 152–61.

Plaintiff John Doe seeks to proceed with his suit using a pseudonym.[1] ECF Nos. 2, 27. Defendants resist, asserting there is a presumption against proceeding anonymously and Plaintiff's father's suit frustrates the protections of a pseudonym. ECF No. 25.

### III.  LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure provides the "title of the complaint must name all the parties." To proceed under a pseudonym, Plaintiff must demonstrate he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)); *see also In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Apr. 6, 2016). There is no Eighth Circuit or Supreme Court authority setting forth a test to determine whether a plaintiff should be permitted to proceed anonymously. *In re Ashley*

---

[1] Plaintiff's motion also requests a protective order. ECF No. 2. Plaintiff did not provide a proposed protective order identifying the scope of the material sought to be protected or the contours of any such protective order. Without more information, the Court is unable to consider the request. *See* LR 5A(g)(6). Plaintiff shall file a separate motion and proposed order to the extent he continues to request such an order.

3

*Madison*, 2016 WL 1366616, at *1; *Roe v. St. Louis Univ.*, No. 4:08CV1474JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009). Several other circuits have analyzed this issue. *See, e.g.*, *Doe v. Megless*, 654 F.3d 404, 409–10 (3d Cir. 2011) (setting forth a multi-factor test); *James v. Jacobson*, 6 F. Supp. 2d 233, 238 (4th Cir. 1993) (same); *Frank*, 951 F.2d at 323 (same). The Second Circuit has succinctly identified multiple factors a court should consider when determining whether a plaintiff should be allowed to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189–90 (2d Cir. 2008). In balancing the plaintiff's privacy interests, the prejudice to the defendant, and the public interest, *id.* at 186–87, a court should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (internal citations, quotations, and alterations omitted); *see also* Order re: Pl.'s Mot. Proceed Pseudonymously, *Doe v. Univ. of St. Thomas*, No. 0:16-cv-01127, ECF No. 35 (D. Minn. May 25, 2016) (applying the *Sealed Plaintiff* factors under similar facts). The Second Circuit called these factors "non-exhaustive" and noted a court may consider additional factors "relevant to the particular case under consideration." *Sealed Plaintiff*, 537 F.3d at 189–90. Ultimately, "this factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190.

## IV. DISCUSSION

The Court turns to whether this Plaintiff should be allowed to continue his lawsuit against Defendants using a pseudonym. Looking to the first factor of the *Sealed Plaintiff* test, the allegations involve intimate details of the sexual acts between Plaintiff and the Title IX complainant. Courts considering factually similar cases have weighed the personal nature of the allegations in favor of allowing the plaintiff to proceed under pseudonym. *See Doe v. Colgate Univ.*, No. 5:15-cv-1069(LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (collecting cases where a plaintiff was allowed to proceed anonymously either by consent or on motion based in part on the personal nature of the allegations). This type of case in particular—a suit by a male who was the subject of a university sexual assault investigation—has been in the spotlight since the 2011 "Dear Colleague Letter," often cited as a catalyst for "[t]his wave of litigation." *Id.* at *2 (quoting *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 181 (D.R.I. 2016) (alteration in original)). In many cases of this kind, defendants consent to the plaintiff's use of a pseudonym. *See* Def.'s Letter Resp. Pl.'s Mot. Leave Proceed Under Pseudonym at 1, *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 1:14-cv-03573 (S.D.N.Y. July 9, 2014), ECF No. 19 (noting uncontested motion); Order, *Doe v. Univ. of S. Fla. Bd. Trs.*, No. 8:15-cv-682 (M.D. Fla. May 29, 2015), ECF No. 11 (dismissing the suit and indicating no opposition to the motion to proceed under pseudonym); Order Granting Mot. Leave File Compl. as Pseudonymous Pl., *Doe v. Univ. of Mass.–Amherst*, No. 3:14-cv-30143 (D. Mass. Mar. 30, 2015), ECF No. 30 (text order granting ex parte motion); Order at 3, *Doe v. Univ. of Mont.*, No. 9:12-cv-077 (D. Mont. June 26, 2012), ECF No. 20 (dismissing the suit as moot and confirming the unconsented motion).

The intimate nature of the suit alone is insufficient to justify Plaintiff's use of a pseudonym. *See Doe v. Hartz*, 52 F. Supp. 2d 1027, 1047 (N.D. Iowa 1999). Plaintiff is an adult, not a minor,

and this weighs in favor of disclosing Plaintiff's identity. *See Sealed Plaintiff*, 537 F.3d at 190 (fourth factor); *see, e.g.*, *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 729–30 (W.D. Va. 2012) (considering factors similar to *Sealed Plaintiff* and citing cases noting that "college students may still possess the immaturity of adolescence" but finding the college-student plaintiff did not possess the "'special vulnerability' of a child-plaintiff" (quoting *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004); *Stegall*, 653 F.2d at 186)). Also weighing against Plaintiff's anonymity in this case is the fact that Plaintiff is suing private individuals and entities, not a governmental entity. *See Sealed Plaintiff*, 537 F.3d at 190 (fifth factor); *Frank*, 951 F.2d at 323–24; *Pittsylvania County*, 844 F. Supp. 2d at 730. Additionally, the public's interest in knowing Plaintiff's identity is not "atypically weak." *Sealed Plaintiff*, 537 F.3d at 190 (ninth factor). The factual, rather than legal, nature of this suit enhances the public's interest in knowing Plaintiff's identity.

Furthermore, this case is unique because this Plaintiff's identity has been exposed through association with his father's case. *See id.* (seventh factor). Plaintiff identifies himself as the son of a Drake Trustee and discusses his father's involvement and ultimate termination from the Board in relation to the Title IX investigation. Doe Complaint ¶¶ 55, 98, 133–35, 139, 153, 159. And the Rossley Complaint repeatedly identifies and discusses his son's involvement in a Title IX investigation stemming from a fall 2015 incident. Rossley Complaint ¶¶ 17–22 & 49–64. The Rossley Complaint details Rossley's "[s]on's [m]edical and [e]ducational [h]istory." *Id.* ¶¶ 17–22.

Since Rossley filed his suit, several news articles have been published referencing both Rossley's suit and this suit, referring to Plaintiff as "Rossley's son." *See, e.g.*, Brian Bensimon, *LAWSUIT: Female Rapes Disabled Student Then Gets Him Expelled, University Fires His Dad*, College Fix (Mar. 1, 2017), https://www.thecollegefix.com/post/31427 ("College Fix

(Mar. 1, 2017)"); *Drake Ousts a Longtime Trustee After Son Is Expelled. Sorenson Appeals, Decides Not to 'Take It a* [sic] *Like a Man,'* Cityview: Civic Skinny (Feb. 20, 2017), http://www.dmcityview.com/civic-skinny/2017/02/20/drake-ousts-a-longtime-trustee-after-son-is-expelled ("Civic Skinny (Feb. 20, 2017)"); *Former Drake University Trustee Files Title IX Retaliation Lawsuit Against School In Disabled Son's Wrongful Sexual Assault Investigation*, PR Newswire (Feb. 22, 2017), http://www.prnewswire.com/news-releases/former-drake-university-trustee-files-title-ix-retaliation-lawsuit-against-school-in-disabled-sons-wrongful-sexual-assault-investigation-300411636.html ("PR Newswire (Feb. 22, 2017)") (indicating "NEWS PROVIDED BY Nesenoff and Miltenberg, LLP," Plaintiff and Rossley's attorneys' law firm); *LAWSUIT: Female Admits To Assaulting Disabled Male w/o Consent. Drake Expelled Male*, Save Our Sons (Feb. 21, 2017), http://helpsaveoursons.com/drake-u-lawsuit-female-admits-to-assaulting-disabled-male-t9-expelled-the-male/; Grant Rodgers, *Former Drake Trustee Sues Over Son's Sex Assault Allegation*, Des Moines Register (Feb. 22, 2017), http://dmreg.co/2lxgcJA ("Des Moines Register (Feb. 22, 2017)") (identifying Rossley's son as "a member of the class of 2016 . . . ."); Robby Soave, *Female Drake U. Student Initiates Sex with Incapacitated Male, Lies About Key Details. Guess Who Got Expelled?*, Reason (Mar. 14, 2017), http://reason.com/blog/2017/03/14/female-drake-u-student-initiates-sex-wit; Ashe Schow, *Lawsuit: Father Fired After Defending Disabled Son from Campus Kangaroo Court*, Iowa Watchdog (Mar. 20, 2017), http://watchdog.org/291268 ("Iowa Watchdog (Mar. 20, 2017)") (stating "Rossley . . . told Watchdog . . . ."); Justin Surrency, *Drake Expels Male Student Despite Female Admitting She Forced Him into Sex Act*, WHOTV (Mar. 2, 2017), http://whotv.com/2017/03/02/drake-expels-male-student-despite-female-claiming-she-forced-

him-into-sex-act ("WHOTV (Mar. 2, 2017)").[2] One article contains a copy of both the Rossley Complaint and the Doe Complaint. College Fix (Mar. 1, 2017). Another article reveals the identity of Plaintiff and discloses personal details about him. Civic Skinny (Feb. 20, 2017). Several articles appear to contain direct quotes from Rossley or his attorney. *See, e.g.*, PR Newswire (Feb. 22, 2017); Des Moines Register (Feb. 22, 2017); Iowa Watchdog (Mar. 20, 2017); WHOTV (Mar. 2, 2017). Plaintiff and Rossley's law firm explicitly provided information for one of these articles. PR Newswire (Feb. 22, 2017).

This detailed exposure and the fact that Plaintiff's identity has not been kept confidential lessens the harm contemplated by the *Sealed Plaintiff* factors and undermines allowing Plaintiff to proceed under a pseudonym. *See Sealed Plaintiff*, 537 F.3d at 190 (second, third, and fourth factors). Other courts have considered foreseeable damage to the plaintiff's reputation as weighing in favor of allowing the use of a pseudonym. *See, e.g.*, Order at 4, *Univ. of St. Thomas*, No. 0:16-cv-01127, ECF No. 35 (citing *Sealed Plaintiff*, 537 F.3d at 189); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016)). *But see In re Ashley Madison*, 2016 WL 1366616, at *4 (denying a motion to proceed under pseudonym based on "mere embarrassment or harm to reputation"). Because of the prior and ongoing disclosure of Plaintiff's identity, much of the contemplated harm in unveiling his identity has already occurred and this Court is unable to mitigate the damage from the previous disclosures. *See Sealed Plaintiff*, 537 F.3d at 190 (tenth factor).

Also weighing in favor of disclosing Plaintiff's identity is the prejudice to Defendants and the public's interest in knowing Plaintiff's identity. *See id.* (sixth and eighth factors). At the hearing, Defendants identified anticipated harms if Plaintiff were allowed to proceed under a pseudonym as having to redact documents during discovery and responding to allegations based

---

[2] The Court takes judicial notice of these news articles. *See* Fed. R. Evid. 201(b)–(c).

on the entwinement with Rossley's suit. Defendants know Plaintiff's identity and the harm in redacting information during discovery would be slight. However, the harm from hamstringing Defendants' ability to manage this case publicly while Rossley comments directly on both his case and this case weighs in favor of disclosing Plaintiff's identity. As highlighted by the news articles, the identity of Plaintiff as the son of a Drake Trustee has garnered public attention, above and beyond the nature of the suit. *See Sealed Plaintiff*, 537 F.3d at 190 (eighth factor); *Megless*, 654 F.3d at 409 (noting there is a high "level of public interest in access to the identities of litigants"); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("The people have a right to know who is using their courts." (citation omitted)); *cf.* Order at 5 n.1, *Univ. of St. Thomas*, No. 0:16-cv-01127, ECF No. 35 (noting the case was "covered by multiple media outlets" as a factor in favor of proceeding under a pseudonym, but not stating the plaintiff's identity was revealed). Balancing the many competing factors presented in this case, the Court finds the "customary and constitutionally-embedded presumption of openness in judicial proceedings," mandated in Federal Rule of Civil Procedure 10(a), is not overcome and Plaintiff must proceed using his name, rather than a pseudonym.[3] *Frank*, 951 F.2d at 323. This is not "the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.*

**V.    CONCLUSION**

Balancing Plaintiff's privacy interests, the harm to Defendants, and the public's interest, the Court finds the factors weigh against Plaintiff's motion to proceed under pseudonym. Plaintiff must procced under his own name.

---

[3] Plaintiff requests permission to reveal the identity of the Title IX complainant ("Jane Doe"), if Plaintiff is required to reveal his identity. ECF No. 27 at 3–4. The Court denies this request.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed Under Pseudonym, ECF No. 2, is **DENIED**. Within 30 days of the date of this Order, Plaintiff shall file an amended complaint identifying his legal name in the caption and, as needed, throughout his complaint.

Dated this 13th day of June, 2017.

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE