IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THOMAS ROSSLEY, JR.<br><br>Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY, DRAKE UNIVERSITY BOARD OF TRUSTEES,<br><br>Defendants. | Civ. No. 4:16-cv-00623-RGE-SBJ<br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANTS' MOTION FOR A PRELIMINARY RULING ON ADMISSIBILITY OF EVIDENCE** |

Plaintiff Thomas Rossley Jr. ("Plaintiff"), by and through his undersigned counsel, hereby opposes Defendants' motion for a preliminary ruling on the admissibility of evidence. Plaintiff, in support this Resistance, states:

1. Plaintiff intends to offer evidence to prove, among other things, that the university disciplinary decision for sexual misconduct resulting in Plaintiff's expulsion was, in violation of Title IX, an "erroneous outcome" motivated by gender bias and a penalty of undue severity due to gender bias; and as part of that proof, Plaintiff will offer proof that he did not engage in any sexual misconduct at all with Jane Doe. This is a "the alleged sexual misconduct did not happen at all" case, not a "consent or no consent to the sex that occurred" case.

2. Accordingly, it is unfair that Defendants do not provide the Court with the factual context of the objected to evidence; that evidence is highly relevant because it helps prove the alleged sexual misconduct did not occur at all and shows why the objected to evidence is certainly not character assassination and certainly not slut shaming. As pleaded in the Amended Complaint, as testified to by Plaintiff on questioning by Defendants' counsel and *as admitted to by Jane Doe at the disciplinary hearing*, on the night of October 8, 2016 and morning of October

[1]

9, 2016, Plaintiff and Jane Doe consumed a significant amount of alcoholic beverages and then went to Plaintiff's parked car where Jane Doe initiated oral sex on Plaintiff, which activity stopped because Plaintiff could not maintain an erection. (Ex. A: Pl. Dep. 87, 105, 110-111; Ex. B: *Am.Cmplt.* ¶¶ 81-87; Ex. C: Hearing Tr. 23-29.)  The two then went to Plaintiff's fraternity house; Plaintiff said he did not have sexual intercourse with Jane Doe, only that she was standing next to his bed where he was in bed fully clothed when Jane Doe told him she was leaving (he woke up in his bed fully clothed and his roommate in the room did not see any sexual assault), whereas Jane Doe said that she ran into the fraternity (which was not possible, as entrance required a security code) and that she recalled next being in Plaintiff's room on a bean bag with her pants pulled down, Plaintiff having a condom on (despite Plaintiff's inability to maintain an erection) and telling Plaintiff to stop, which he did. (Ex. A: Pl. Dep. 87, 111; Ex. B: *Am. Cmplt.* ¶¶ 87-90, 156; Ex. C: Hearing Tr. 31-32.)  Jane Doe then went to the fraternity Annex across the street to another fraternity member's room who kicked her out and then to another fraternity member's room, stayed there the rest of the night and performed oral sex on that fraternity member; at some point while in the fraternity Annex, Jane Doe texted Plaintiff that she had arrived home safely and "all good, babe." (Ex. A: Pl. Dep. 116-118; Ex. B: *Am. Cmplt.* ¶¶ 91-94; Ex. C: Hearing Tr. 34.)  Jane Doe never got a medical examination afterward, and there was no physical evidence supporting a sexual assault. (Ex. B: *Am. Cmplt.* ¶¶ 97, 146-150.)

    3.    Federal Rules of Evidence 403 and 412 do not apply to exclude what Jane Doe did after leaving Plaintiff that night, as that behavior is wholly inconsistent with Jane Doe having had non-consensual sexual intercourse with Plaintiff.  Defendants never quote the text of Federal Rules of Evidence 403 and 412, and the text of these Rules points to their non-applicability and to the admissibility of the objected to evidence.  The objected to evidence is not being offered "to

prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition" per Federal Rule of Evidence 412(a). The applicable Eighth Circuit case law fully supports the admission of the objected to evidence: *Warren v. Prejean*, 301 F.3d 893, 906 (8th Cir. 2002); *Wilson v. City of Des Moines*, 442 F.3d 637, 442-444 (8th Cir. 2006); *Beard v. Flying J, Inc.*, 266 F.3d 792, 801-802 (8th Cir. 2001). Defendants' reliance on inapposite criminal cases shows the defectiveness of their legal position: Plaintiff is a not a criminal defendant seeking to prove consent on the part of an alleged victim to the sex that occurred, but a Title IX civil plaintiff seeking to prove that the alleged sexual assault did not occur at all, and Federal Rule of Evidence 412(b) has different provisions for criminal and civil cases.

4. A preliminary ruling is not necessary for Defendants to present an expert report and proposed expert testimony on whatever subjects Defendants believe appropriate for expert testimony. According to the percipient witnesses at the time, Jane Doe certainly did not suffer from "a victim's post-trauma conduct." Defendants apparently seek to rewrite the facts and present the matter falsely with dubious expert testimony.

5. Plaintiff, with this Resistance, have filed a Memorandum of Law in support of Plaintiff's Resistance to Defendants' motion for a preliminary ruling, along with excerpts of Plaintiff's deposition as Exhibit A, the Complaint as Exhibit B and excerpts from the disciplinary hearing transcript as Exhibit C.

WHEREFORE, Plaintiff requests that this Honorable Court deny Defendants' motion for a preliminary ruling on admissibility of evidence and order such further and other relief as the Court deems just and proper.

**Dated: April 3, 2018**

**Respectfully submitted,**

/s/ David H. Goldman
David H. Goldman, Esq.
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Email: dgoldman@babichgoldman.com

-and-

/s/Philip A. Byler
Philip A. Byler, Esq. (*pro hac vice*)
Andrew T. Miltenberg, Esq.(*pro hac vice*)
NESNOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Telephone**:** (212) 736-4500
Email: PByler@nmllplaw.com
Email: AMiltenberg@nmllplaw.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE Of SERVICE

I hereby certify that on April 3, 2018, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

| | |
|---|---|
| NYEMASTER GOODE P.C.<br>Frank Boyd Harty, Esq.<br>Mary E. Funk, Esq.<br>700 Walnut Street – Suite 1600<br>Des Moines, Iowa 50309<br>Telephone: 515.283.3100<br>Facsimile: 515.283.8045<br>E-Mail: fharty@nyemaster.com<br>            mef@nyemaster.com | NYEMASTER GOODE P.C.<br>Frances M. Haas, Esq.<br>625 First Street SE – Suite 400<br>Cedar Rapids, Iowa 52401<br>Telephone: 319.286.7000<br>Facsimile: 319.286.7050<br>fmhaas@nyemaster.com |

_____*Philip A. Byler, Esq.*_____
Philip A. Byler, Esq.