IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THOMAS ROSSLEY, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DRAKE UNIVERSITY AND DRAKE UNIVERSITY BOARD OF TRUSTEES,<br><br>    Defendants. | No. 4:16-cv-00623-RGE<br><br>**ORDER RE: DEFENDANTS' MOTION FOR A PRELIMINARY RULING** |

## I.   INTRODUCTION

Plaintiff Thomas Rossley, Jr., brings this suit against Defendants Drake University and Drake University Board of Trustees challenging Defendants' Title IX investigation which concluded Rossley assaulted a female student. Defendants ask the Court to issue a preliminary ruling as to the admissibility of evidence relating to the sexual conduct of the victim, Jane Doe. Defendants assert Federal Rules of Evidence 412 and 403 bar admission of such evidence. Plaintiff contends the evidence does not fall under Rule 412 as it is being introduced to demonstrate the sexual assault did not occur. In the alternative, Plaintiff argues the evidence is relevant and admissible under Rules 412 and 403. As explained below, there is insufficient information for the Court to determine the admissibility of any proffered evidence. Additionally, the issue is not properly before the Court pursuant to Rule 412(c). Consequently, the Court denies Defendants' motion for a preliminary ruling.

## II.   SUMMARY OF RELEVANT FACTS

Plaintiff's claims arise from a Title IX sexual assault investigation conducted by Drake University for conduct occurring between Plaintiff and Jane Doe in October 2015. *See generally* Am. Compl. ¶¶ 75–97, ECF No. 46 (describing the conduct); *id.* ¶¶ 98–159 (describing the investigation). During the evening of October 8 and the early morning of October 9, Plaintiff and Jane Doe met at a

local bar after each had consumed a large amount of alcohol. *Id.* ¶¶ 77, 78, 80–81. According to the amended complaint, Plaintiff and Jane Doe proceeded to Plaintiff's fraternity house "but, finding nowhere to be alone, they went back outside to Plaintiff's parked car and got into the back seat. Jane Doe then initiated oral sex on Plaintiff." *Id.* ¶ 85. Plaintiff maintains he does not recall what happened in the car and next remembers "lying on his bed with Jane Doe standing on a chair next to his lofted bed, and telling him that she was leaving." *Id.* ¶¶ 85, 88. As stated in the amended complaint, Jane Doe "claimed she next recalled being in Plaintiff's room and lying on a beanbag chair. . . . [with] her clothes on, pants pulled down, and underwear pushed to the side." *Id.* ¶ 89. She also recalls "Plaintiff above her, his pants off and wearing a condom." *Id.* "Jane Doe claimed she told [Plaintiff] to stop." *Id.* ¶ 90.

The amended complaint states Jane Doe then immediately went to another fraternity member's bedroom in the fraternity annex across the street and "jumped on top of him in his bed." *Id.* ¶ 92. The fraternity member told her to leave. *Id.* Jane Doe then allegedly "went to another fraternity member's bedroom in the same house and entered his bed. Jane Doe removed her shirt and at some point performed oral sex on him." *Id.* ¶ 93. Jane Doe "stayed and slept with this fraternity member and left his house at 9:00 a.m. the next day." *Id.* A Title IX investigation commenced thereafter. *See id.* ¶¶ 98–113. Drake conducted disciplinary proceedings and expelled Plaintiff. *See id.* ¶¶ 150–59.

In December 2016, Plaintiff brought suit against Defendants and other individual Defendants. ECF No. 1. Plaintiff later amended his complaint. ECF No. 46. Following a previous Order by the Court, seven counts remain against Drake University and the Drake University Board of Trustees. *See generally* Order re: Defs.' Partial Mot. to Dismiss 10, ECF No. 48. Count I alleges Defendants violated Title IX in conducting a sexual misconduct hearing against Plaintiff that deprived him of his rights of due process and equal protection. ECF No. 46 ¶¶ 169–88. Count III alleges breach of contract and Count IV alleges breach of the covenant of good faith and fair dealing. *Id.* ¶¶ 203–24. Count V alleges negligent infliction

of emotional distress. *Id.* ¶¶ 225–34. Count VI alleges discrimination based on disability under Title II of the Americans with Disabilities Act (ADA). *Id.* ¶¶ 235–40. Count VII alleges estoppel and reliance based upon Plaintiff's reliance "to his detriment on [Defendant's] express and implied promises and representations." *Id.* ¶¶ 241–47. Lastly Count VIII requests a declaratory judgment to reverse and terminate the findings of the Title IX investigation and the resulting actions, as well as a finding that Drake's Code of Conduct is unconstitutional as applied. *Id.* ¶¶ 248–52.

Defendants presently challenge the Plaintiff's intended use of evidence regarding Jane Doe's sexual conduct with individuals other than Plaintiff, asserting such evidence is inadmissible under Rules 412 and 403. *See* Defs.' Mot. Prelim. Ruling, ECF No. 74; Defs.' Br. Supp. Mot. Prelim. Ruling 1–2, ECF No. 74-1. In response, Plaintiff asserts Rule 412 does not apply to exclude this evidence because "[t]he point of proving Jane Doe's behavior that night after she left Plaintiff is to help prove that there was no non-consensual sexual intercourse . . . , not to prove that Jane Doe engaged in other sexual behavior and not to prove Jane Doe's sexual predisposition." Pl.'s Mem. Supp. Resist. Mot. to Dismiss 8, ECF No. 82-4. Plaintiff also contends even if Rule 412 applied, the challenged evidence is still admissible as its probative value substantially outweighs any unfair prejudice. *Id.* at 8–10. Finally, Plaintiff argues the evidence is admissible under Rule 403 as its probative value is not outweighed by unfair prejudice. *Id.* at 11. For the reasons set forth below, the Court denies Defendants' motion.

### III.   LEGAL STANDARD

Federal Rule of Evidence 412 broadly sets forth two types of evidence that are inadmissible in a civil proceeding "involving alleged sexual misconduct": "(1) evidence offered to prove that the victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). However, the rule further provides a Court in a civil proceeding may allow admission of such evidence "if its probative value substantially outweighs the danger of harm to any

victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). Federal Rule of Evidence 403 sets forth a similar standard applicable to all evidence: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## IV. DISCUSSION

### A. Whether Evidence Falls Under Rule 412

The Court first considers whether the disputed evidence as described by the parties is subject to the conditions of Rule 412. Although it is unclear what the particular evidence is—an issue discussed in more detail below—both parties have identified the general contours of the contested evidence. *See* ECF No. 74 ¶ 1; Pl.'s Resist. Defs.' Mot. Prelim. Ruling ¶ 1, ECF No. 82. The Court determines the proffered evidence regarding Jane Doe's other alleged sexual conduct falls under Rule 412.

Plaintiff intends to offer evidence relating to Jane Doe's sexual behavior with a third party following her encounter with Plaintiff. ECF No. 82-4 at 8. Such evidence, regardless of its ultimate purpose, will be evidence "offered to prove that [Jane Doe] engaged in other sexual behavior." Fed. R. Evid. 412(a)(1). This evidence thus falls squarely within the ambit of Rule 412. *See Wilson v. City of Des Moines*, 442 F.3d 637, 642–43 (8th Cir. 2006) (determining the district court acted appropriately in concluding evidence relating to the plaintiff's comments regarding her sexual behavior and "sexually charged comments" was evidence of "other sexual behavior" under Rule 412); *cf. Warren v. Prejean*, 301 F.3d 893, 906 (8th Cir. 2002) (reasoning Rule 412 would not bar the plaintiff from introducing the sexual comments made by a coworker in order to show the plaintiff had not sexually harassed her coworker because such evidence "dealt only with the relationship between" the two parties).

4

### B. Defendants' Motion for a Preliminary Ruling

Determining the evidence is subject to Rule 412 does not conclude the Court's inquiry. Defendants seek a preliminary ruling on the evidence's admissibility. There is insufficient information for the Court to determine the admissibility of the disputed evidence.

Although both parties discuss the applicability of Rule 412, neither explains what the purported evidence will be or the scope of such evidence. For instance, it is unclear whether the preliminary ruling is meant to address evidence regarding Jane Doe's sexual activity before *and* after her encounter with Plaintiff, as Defendants request, or only evidence relating to Jane Doe's activities *after* her encounter with Plaintiff, as Plaintiff argues. *See* ECF No. 74-1 at 3; ECF No. 82-4 at 8. Furthermore, neither party describes the form of the evidence nor how it will be introduced. It remains unclear whether Plaintiff intends to call Jane Doe or himself as witnesses, introduce testimony from his deposition or Title IX hearing, or use another unidentified witness or document. Plaintiff attached testimony from his Title IX hearing to his resistance and both parties included copies of Plaintiff's deposition testimony; however, neither party indicates how these materials correspond to the evidence at issue in Defendants' motion. *See* Defs.' Mot. Prelim. Ruling Ex. 1, ECF No. 74-2; Pl.'s Resist. Defs.' Mot. Prelim. Ruling Exs. A & C, ECF Nos. 82-1 & 82–3. Absent additional information, the Court is unable to determine whether the disputed evidence as described by the parties is admissible under Rule 412.

In addition to the concerns raised above, the Court notes it is also unable to rule on the admissibility of any purported Rule 412 evidence as it has not conducted a Rule 412(c) hearing. Pursuant to Rule 412(c), any party intending to offer evidence under Rule 412 must, among other requirements, "file a motion that specifically describes the evidence and states the purpose for which it is to be offered" and "notify the victim." Fed. R. Civ. P. 412(c)(1)(A), (D). Additionally, "[b]efore admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to

attend and be heard." Fed. R. Civ. P. 412(c)(2). None of these procedural requirements have been met in this case. Furthermore, unlike other cases considering this issue, the victim is not a party to the case and likely has not been made aware of any proffered evidence. *Cf. Wilson*, 442 F.3d at 644 (noting the failure to follow the Rule 412(c) procedure was harmless because the victim, i.e., the plaintiff, was aware the defendant intended to offer her statements and had submitted an exhibit containing facts which were substantially similar to the content of the statements); *Beard v. Flying J, Inc.*, 266 F.3d 792, 802 (8th Cir. 2001) (same). Consequently, the Court is unable to rule on the admissibility of any Rule 412 evidence. Defendants' motion is therefore denied.

## V.   CONCLUSION

The Court denies Defendants' Motion for a Preliminary Ruling. The contested evidence is subject to the conditions of Rule 412. However, the parties have not sufficiently specified the evidence at issue and have not complied with the procedural requirements under Rule 412.

**IT IS SO ORDERED** that Defendants' Motion for a Preliminary Ruling, ECF No. 74, is **DENIED**.

Dated this 12th day of June, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE